## In re RUSH.

(Supreme Court, Special Term, Monroe County.   July, 1898.)

1. INSANE PERSONS—WHO ARE INCOMPETENT—INQUISITION.
   Mere weakness of mind, not amounting to imbecility, will not justify an adjudication of incompetency.

2. SAME—EVIDENCE—RELEVANCY.
   The fact that an alleged incompetent replied to a sheriff, who informed him that he had an execution, and asked if he was able to pay it, that he had nothing, no money and no property, is not evidence of incompetency.

3. SAME—EXPERT TESTIMONY—BUSINESS ABILITY.
   It is error to permit physicians to give their opinion as to whether an alleged incompetent is unable to take care of himself and his affairs.

4. SAME—EXAMINATION OF ALLEGED INCOMPETENT—OATH.
   In a proceeding to declare one an incompetent, the alleged incompetent cannot be examined not on oath as to facts on which the jury are not to act.

5. SAME—SECONDARY EVIDENCE—PLEADINGS.
   In a proceeding to declare one an incompetent, an answer filed in a surrogate's court by his sister, averring that he was physically and mentally incompetent to perform the duties of administrator, is not admissible as evidence.

Petition to have Darius Rush declared an incompetent person. Finding of the jury for petitioner set aside, and a new trial ordered.

William H. Smith, for petitioner.

Ellis A. Griffith (Walter H. Knapp, of counsel), for Darius Rush.

NASH, J.   I am unable to find in the testimony taken upon the hearing in this matter sufficient evidence upon which it can be found that Darius Rush is an incompetent person,—incompetent to manage himself or his affairs, in consequence of imbecility arising from old age, or loss of memory or understanding, or any other cause.   One witness (Sheriff Peel) characterized a conversation he had with the alleged incompetent in March last as irrational.   He says he told Rush he had an execution, and asked him if he was able to pay it. Rush said he had nothing, no money and no property.   Mrs Fish, his daughter, said there was nothing there that he (Rush) owned, and upon that the sheriff returned the execution unsatisfied.   There is nothing in this that can be regarded as irrational.   The only other evidence bearing upon the question of incompetency offered by the petitioner is that of the two physicians, Drs. Pratt and Melvin.   Dr. Pratt would not say that in his opinion Rush was of unsound mind. His testimony is: "From his appearance and questions asked and

answered by Mr. Rush, and his actions, I should judge he would be a man of feeble mind. I would not like to use the word 'unsound.'" Dr. Melvin testified that in his "judgment" he was very much "demented." When asked upon cross-examination what he meant by this, the doctor said "his mind is weakened." When further asked, "Is that all you will say,—that his mind is weakened?" he answered, "Yes." Mere weakness of mind, not amounting to imbecility, is not sufficient. Dr. Melvin, in answer to direct questions to him on cross-examination, testified that Mr. Rush was not, in his opinion, of unsound mind; that he was not a lunatic, and not an imbecile. The allowance of the question put to these two physicians, whether, in their opinion, the alleged incompetent "is a man unable to take care of himself and his affairs," was erroneous, and the answer of the physicians in the affirmative should not have been received. In re Mason, 60 Hun, 46, 14 N. Y. Supp. 434.

The alleged incompetent may be sworn in his own behalf, and the jury may inspect and examine an alleged lunatic or incompetent (In re Russell, 1 Barb. Ch. 38), but he cannot be examined not on oath as to facts upon which the jury are not to act. They are to consider only sworn testimony. Here an examination was had, not upon oath, by the petitioner's counsel, under objection, as to facts at great length, and witnesses on oath were allowed to contradict the unverified statements of Mr. Rush, and their evidence and his statements were taken into consideration by the physicians in answering the hypothetical questions put to them. It was erroneous to receive in evidence the answer of Amanda McLouth, filed in surrogate's court. It enabled the petitioner to introduce the statement of Amanda McLouth that her brother was physically and mentally incompetent to perform the duties of administrator, which she could not have been allowed to give if she had been examined in this proceeding as a witness, besides being secondary evidence of facts which were not admissible here for any purpose.

For these errors, as well as for insufficiency of the evidence, a new trial should be had. An order may be entered reversing the finding of the jury, and directing that a new trial be had at a trial term on issues to be framed. The order, unless stipulated by counsel, will be settled on application.